WILLARD HAFNER, RESPONDENT, v. WARREN F. BROOKS ET AL., APPELLANTS.

Submitted February 12, 1932—Decided May 16, 1932.

For the appellants, *Herbert W. Backes* and *Harry J. Able.*

For the respondent, *Ryman Herr* and *Lloyd Fisher.*

The opinion of the court was delivered by

DONGES, J.   This appeal brings up a judgment entered in the Supreme Court in a case tried at Hunterdon Circuit before Judge Eldredge in which the plaintiff-respondent sued for damages for malicious prosecution.   The grounds of appeal are two in number, namely, that the court erred in refusing to nonsuit and the court erred in refusing to direct a verdict for the defendants-appellants.

The suit arose out of a complaint made by the appellant Brooks as agent of the Sun Oil Company, against the respondent, Willard Hafner, charging that Hafner, as proprietor of O. K. Service Station, "did store, sell, expose and offer for sale a liquid fuel so as to deceive or intend to deceive the purchaser thereof as to the nature, quality and identity of the same by false representation, by the use of disguised camouflaged pump or pumps and by imitating the design and color of such pumps under which a recognized liquid is marketed namely the brand of the Sun Oil Company, known as blue Sunoco motor fuel, against the peace of the state and in violation of our statutes chapter 116 laws of 1928."

Chapter 116 declares it shall be unlawful to store, sell, expose or offer for sale, or sell in any manner whatsoever, or aid or assist in the same, any liquid fuels, lubricating oils, or other similar products, so as to deceive or tend to deceive the purchaser thereof as to the nature, quality and identity of the same, by false representation, or by substitution, mixing or adulteration thereof, or by the use of false or fictitious names, or by the use of disguised, camouflaged or falsely labeled containers, tanks, pumps, or other distributing equipment, or by imitating the design, symbol, or trade name under which recognized brands of such products are generally marketed.

The indictment charged that the defendant therein "did store, sell, expose and offer for sale a blue liquid fuel so as

to deceive or intend to deceive the purchaser thereof as to the nature, quality and identity of the same by the use of disguised, camouflaged and falsely appearing pump or pumps and by imitating the design and color of such pumps under which a recognized liquid fuel is marketed, namely: the brand of the Sun Oil Company, known as blue Sunoco fuel.''

The complaint seems to limit the fraud and the offense to the use of disguised and camouflaged pump or pumps, and by imitating the design and color of such pumps. The statute does not say that the offense consists in imitating the design of pumps, but in imitating the design, symbol or trade name under which recognized brands are generally marketed, so that the complaint was not within the statute invoked. The indictment is much to the same effect. The complaint and indictment charge that the accused did "deceive or *intend* to deceive," whereas the language of the statute is "deceive or *tend* to deceive."

The plaintiff says that the complaint was not justified because there were no legends upon the pump which were calculated to mislead, and in fact, a few days after the installation of the pump, the name "Genoco" was put upon the glass disc at the top of the pump.

The language of the complaint and of the indictment is thus stated to distinguish the offense complained of from that sought to be introduced by way of defense by the testimony of Brooks, Eck, Connell and another witness, that the attendant at the respondent's service station, in response to an inquiry as to whether or not the fuel was blue Sunoco, stated that it was. This was denied, however, by the attendant.

The appellants were called upon to meet plaintiff's complaint, which differed from the state of facts evidently relied upon by appellants at the trial; and we conclude that the proofs on behalf of the plaintiff raised questions of fact for the determination of the jury as to whether or not there was reasonable ground for the making of the complaint.

In their proofs defendants attempted to show that there was a verbal misrepresentation as to the fuel sold, in that it was represented as blue Sunoco. Brooks, however, did not

allege such misrepresentation in his criminal complaint, nor was it embodied in the indictment. The only offense charged was an attempt to deceive by the use of camouflaged pumps and by imitating the *design* and *color* of the *pumps* of the Sun Oil Company. There is no proof of any imitation of design, and whether there is an imitation of color scheme of the pump so as to deceive is a question of fact. The proofs disclosed that the pumps are made by a manufacturer, who sells to the Sun company and to others as well, which fact is well known. The Sun company appears to have no exclusive right to the use of pumps of the design in question in this case. Nor does it appear that the Sun company had the exclusive right to market a gas of blue color. The proof was that the Sun gas is blue and that sold by plaintiff was greenish blue. On the plaintiff's case it did not appear that any gas was sold as blue Sunoco.

In the criminal proceeding the plaintiff below was acquitted. This would seem to settle that the plaintiff did not violate the statute in the respects complained against him.

The question of whether or not there was reasonable and probable cause for making the complaint was one for the jury, in view of all the facts. This view, as stated, is somewhat influenced by the complaint itself which limited the offense to the effort to deceive by the use of the disguised, camouflaged pumps, which charge seemed to fail, and by imitating the design and color of such pumps, which latter charge is beyond the purview of the statute invoked.

As to the defense of advice of counsel, it appears that one of the things submitted to counsel was the alleged verbal representations of the agent of the plaintiff below that the fluid was blue Sunoco, which, if true, would have been within the statute, and would clearly be intended to deceive. This, however, was not embodied in the criminal complaint and was not made the subject-matter of prosecution. This very important fact would, if true, clearly justify a complaint. So that the jury was entitled to find that the defendants did not follow the advice of counsel in proceeding as they did, because the case submitted to counsel differed from the one upon which criminal proceedings were taken.

Upon the whole case, we conclude that there were questions of fact which the trial court was required to submit to the jury.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, DONGES, HETFIELD, DEAR, KERNEY, JJ.   10.

*For reversal*—BODINE, VAN BUSKIRK, KAYS, WELLS, JJ.   4.